## CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

Mobile Dredging & Video Pipe, Inc.


**vs**                                    **Case No.**        3:25-cv-1564 (BKS/MJK)

Sall Associates Ltd., et al.


_____


**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable MITCHELL J. KATZ, United States Magistrate Judge, on February 3, 2026, at 10:00 AM. The Courtroom Deputy for Judge Katz will provide counsel for the parties, and any unrepresented parties, with instructions on how to dial into his audio conference line for the Rule 16 conference.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before  April 30, 2026   .

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before  October 31, 2026

3. **DISCOVERY**: All discovery in this action shall be completed on or before  November 30, 2026 **(Discovery timetable is to be based on the complexity of the action)**

4. **NON-DISPOSITIVE MOTIONS:**  All non-dispositive motions, including discovery motions, may only be brought after the parties have complied with Section VIII of General Order #25. All non-dispositive motions shall be filed on or before December 14, 2026 , no later than fourteen (14) days after the discovery deadline expires pursuant to Local Rules 16.2 and 37.1(h).

5. **DISPOSITIVE MOTIONS:** All dispositive motions shall be made on or before December 31, 2026 .

6.  **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before _September 1, 2026_ (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before_October 16, 2026_(at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before_October 30, 2026_(at least 30 days before the close of discovery).

7.  **MANDATORY MEDIATION**: Pursuant to General Order #47, paragraph 3.2(C)(1), the parties shall electronically file a stipulation selecting a mediator no later than twenty-eight (28) days from the date of the Order referring case to the Mandatory Mediation Program. Mediation must be completed on or before_September 30, 2_026

8.  **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before _January 1, 2027_. It is anticipated that the trial will take approximately __three__ days to complete. The parties request that the trial be held in _Binghamton_, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

9.  **Have the parties filed a Jury Demand?** _YES_ (YES) _____(NO).

10. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 28 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**
    Diversity jurisdiction, and yes.
    _____
    _____
    _____
    _____

11. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**
    Yes and yes.
    _____
    _____
    _____
    _____

12. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**
    Plaintiff's claims: breach of contract against Sall to pay Plaintiff for dredging service that Plaintiff completed; unjust enrichment against Pride Manor for the value of Plaintiff's dredging service.

    Defendants' affirmative defenses: contributory negligence of Plaintiff, set-off, lack of contract between Sall Plaintiff and Sall, contract between Plaintiff and Pride Manor, and Plaintiff's failure to mitigate damages.

    Pride Manor's counterclaims: negligence and trespass to chattels, based upon Plaintiff's accidental damage to Pride Manor's aeration system during dredging.

    Plaintiff opposes Pride Manor's counterclaims on the grounds that any damage was caused by Defendants who misinformed Plaintiff as to the location of aeration system components.

**13.  What factual and legal issues are genuinely in dispute?**

The existence of a contract between Plaintiff and either of the Defendants; the apportionment of liability for damage to the aeration system, if any such damage occurred; Defendants' liability for the amounts specified in Plaintiff's invoices.

**14.  Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

Perhaps the existence or non-existence of a contract between Plaintiff and either Defendant.

**15.  What specific relief do the parties seek?  What are the damages sought?**

Plaintiff seeks money damages for the unpaid balance owed under its service contract: $123,653.29 plus interest, costs, and attorney's fees. Pride Manor seeks compensatory and consequential damages in an amount to be proven at trial, for damage to its aeration system, plus interest and costs.

16.  **DISCOVERY PLAN**

A.  **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

B.  **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

The existence of a contract between Plaintiff and either of the Defendants; the extent of damage to Pride Manor's aeration system; the extent to which Defendants misinformed or failed to inform Plaintiff as to the location of aeration system components; the extent to which Plaintiff should have known the location of who misinformed Plaintiff as to the location of aeration system components.

C.  **Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

First, request for production and interrogatories will be issued. Then, after those are answered, depositions will be conducted. There is no current plan to split discovery into different stages based on addressing different discrete issues.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

They will request documents and information about the subjects for which discovery is

expected to be needed, detailed above. They may be issued within a month or two. There is

no expectation that extra interrogatories will be needed.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

So far, it is expected that a representative from each of the three parties will be deposed

once, and perhaps one or two engineering experts will be deposed on the subject of the

proper manner of dredging Pride Manor's lagoon. They may be taken at either of the law firms' addresses.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

Perhaps one or two engineering experts will be deposed on the subject of the proper

manner of dredging Pride Manor's lagoon. No special variance from requirements is

contemplated at this time.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

No court order to be sought. No agreement reached at present. Electronically stored

information should be produced Bates-stamped and in PDF or near-equivalent format.

Formats incompatible with PDF, such as video or Excel, may be produced as native files

with a Bates-stamped placeholder PDF.

H. **<u>Protective Orders</u>**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

None anticipated at this time.

I. **<u>Anticipated Issues Requiring Court Intervention</u>**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

None anticipated at this time.

17. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

Unknown at this time.

18. **Are there any related cases pending before the Judges of this Court?**

No.

19. **In Class Actions, when and how will the class be certified?**

There will not be a class action.

20. **What are the prospects for settlement?  Please check below the prospect for settlement:**

1 ____ 2 ____ 3 _X_ 4 ____ 5 ____ 6 ____ 7 ____ 8 ____ 9 ____ 10 ____
(Very unlikely →    →    →    →    →    →    Likely)

A. Settlement cannot be evaluated prior to __the passage of substantial discovery__ (Date).

B. How can settlement efforts be assisted?

By the progression of discovery which will elucidate the viability of the parties' respective claims and counterclaims.

_____

***(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)***

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47.***

21. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

A. Reviewed General Order #47                    Yes  X   No ____

B. Reviewed the List of Court Approved            Yes  X   No ____
   Mediators available on the NDNY website?

C. Prepared to discuss with the Court, at the      Yes  X   No ____
   conference, whether your case should be
   opted out of the program?

D. Discussed the time frame needed to             Yes  X   No ____
   complete Mandatory Mediation?

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on  January 13, 2026
and was attended by:                                             (Date)

Heather Shore _____  for plaintiff(s)  Mobile Dredging & Video Pipe, Inc.

Jeffrey Jaketic _____  for defendant(s)  Sall Associates LTD. and Pride Manor Holdings LLC

_____  for defendant(s)  _____

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***