UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOBILE DREDGING & VIDEO PIPE, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> SALL ASSOCIATES LTD., and PRIDE MANOR HOLDINGS, LLC, <br><br> Defendants and Counterclaimant. | Civil Action No.: 3:25-cv-1564 (BKS/MJK) <br><br> **PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT-COUNTERCLAIMANT'S COUNTERCLAIMS** |

Counterclaim-Defendant Mobile Dredging & Video Pipe, Inc. ("MDVP"), by and through *pro hac vice* counsel Baker Sterchi Cowden & Rice, L.L.C., and local counsel Mazzola Lindstrom LLP, and pursuant to F.R.C.P. 12(a)(1)(B), answers and defends against Pride Manor Holdings, LLC's ("Pride Manor") Counterclaims,[1] as follows:

## PLAINTIFF'S ANSWER

All allegations not expressly admitted are denied.

84. Upon information and belief, MDVP admits that Pride Manor owns and operates the Pride Manor Mobile Home Park in Conklin, Broome County, New York.

85. Upon information and belief, MDVP admits that Sall is a property management company and that it managed the Pride Manor Mobile Home Park at issue in this litigation. MDVP is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 85 of Defendant's Counterclaims, and the same are therefore denied.

---

[1] Although unclear, it appears that the Counterclaims are filed by only Pride Manor. To the extent that Defendant Sall Associates LTD. ("Sall") is also a party to the counterclaims, MDVP's answers, averments, and affirmative defenses are incorporated herein by this reference, as if they also applied to Sall's Counterclaims.

1

86. MDVP admits and avers that, at all times relevant, Pride Manor Mobile Home Park had a wastewater treatment system ("WWTS"), which included a lagoon ("Lagoon").

87. MDVP admits that the Lagoon contains an aerator, and upon information and belief, admits the aerator is essential to the proper functioning of the WWTS. MDVP is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 87 of Defendant's Counterclaims, and the same are therefore denied.

88. MDVP admits that the New York Department of Environmental Controls ("DEC") required Pride Manor to dredge 46 inches of sludge from the Lagoon to protect the nearby river, where the treated wastewater ultimately flows, but avers that the Contract with MDVP did not require MDVP to dredge 46" of sludge across the entire Lagoon.

89. Upon information and belief, MDVP admits that, pursuant to the DEC, Pride Manor was to remove the sludge by May 10, 2024.

90. MDVP avers that it sent its Contract to the attention of Sall and, upon information and belief, the Managing Member of Pride Manor executed that Contract on September 6, 2023, based on the representations made by Pride Manor to MDVP and its attorneys. MDVP is without knowledge or information sufficient to admit or deny whether Pride Manor executed that Contract, because neither Sall nor Pride Manor ever contacted MDVP to advise that someone from Pride Manor had actually signed the Contract rather than someone from Sall, the email address of Robert Kurens, who returned the signed Contract to MDVP, is ".gmail" and does not indicate that he is with Pride Manor. The signature block does not state "Pride Manor," but in relying on Pride Manor MDVP will admit that the Contract was signed by Mr. Kurens on behalf of Pride Manor. MDVP further avers that Sall did, at all times relevant hereto, hold itself out as an authorized agent for Pride Manor. MDVP admits that the Contract required it to dredge, dewater and dispose of sludge

removed from the waste management Lagoon, and avers that it was required to comply with the design documents provided to it by Sall for the Project. MDVP is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 90 of Defendant's Counterclaims, and the same are therefore denied.

91. MDVP admits and avers that it performed its work in the manner directed by Sall, and based on the information provided in the Contract documents. Except as admitted and averred, MDVP is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 91 of Defendant's Counterclaims, and the same are therefore denied.

92. MDVP admits and avers that it could not mobilize to the project until April of 2024, instead of October 2023 as initially anticipated. MDVP is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 92 of Defendant's Counterclaims, and the same are therefore denied.

93. MDVP admits and avers that Sall was its primary contact and with regard to the dredging project at issue in this case, admits that, upon information and belief, Sall's job was to facilitate communications between Pride Manor and MDVP and to ensure the work was being done in a good and workmanlike manner. MDVP avers, however, that it had contact with Mr. Kurens during the course of the Project. MDVP is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 93 of Defendant's Counterclaims, and the same are therefore denied.

94. MDVP is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 94 of Defendant's Counterclaims, and the same are therefore denied.

95. MDVP admits and avers that on or about April 15, 2024, while performing the dredging, MDVP's operator hit and broke the aerator in the Lagoon because it was not at the depth or the location as represented to MDVP and, thus, was an unforeseen condition, and further avers the damage was not MDVP's fault because that condition was unforeseen. Except as admitted and averred, MDVP is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 95 of Defendant's Counterclaims, and the same are therefore denied.

96. MDVP is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 96 of Defendant's Counterclaims, and the same are therefore denied.

97. MDVP is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 97 of Defendant's Counterclaims, and the same are therefore denied.

98. MDVP is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 98 of Defendant's Counterclaims, and the same are therefore denied.

99. MDVP is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 99 of Defendant's Counterclaims, and the same are therefore denied.

100. Upon information and belief, MDVP denies all allegations set forth in Paragraph 100 of Defendant's Counterclaims.

101. MDVP denies that Pride Manor is entitled to consequential damages from MDVP. MDVP is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 101 of Defendant's Counterclaims, and the same are therefore denied.

### COUNT I - Negligence

102. MDVP incorporates the allegations set forth above as though they were fully set forth herein.

103. MDVP admits that it owed Pride Manor a duty of care to perform its work in a reasonably safe and competent manner, and that would not damage Pride Manor's property; but avers that the damage which Pride Manor complains of is not MDVP's fault because MDVP was reasonably relying on information provided to it by Sall or Pride Manor concerning the existing aerators.

104. MDVP admits and avers that the wrong location of aerators was provided in the design documents and instructions provided, causing the damage. MDVP is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 104 of Defendant's Counterclaims, and the same are therefore denied.

105. MDVP denies each and every allegation set forth in Paragraph 105 of Defendant's Counterclaims.

106. MDVP denies each and every allegation set forth in Paragraph 106 of Defendant's Counterclaims.

107. MDVP denies each and every allegation set forth in Paragraph 107 of Defendant's Counterclaims.

108. MDVP denies each and every allegation set forth in Paragraph 108 of Defendant's Counterclaims.

109. MDVP denies each and every allegation set forth in Paragraph 109 of Defendant's Counterclaims.

**COUNT II – Trespass to Chattels**

110. MDVP incorporates the allegations set forth above as though they were fully set forth herein.

111. MDVP denies each and every allegation set forth in Paragraph 111 of Defendant's Counterclaims.

112. MDVP admits and avers that on or about April 15, 2024, while performing the dredging, MDVP's operator hit and broke the aerator in the Lagoon because it was not at the depth or the location as represented to MDVP and, thus, was an unforeseen condition, and further avers the damage was not MDVP's fault because that condition was unforeseen. Except as admitted and averred, MDVP is without knowledge or information sufficient to admit or deny the remaining allegations set forth in Paragraph 112 of Defendant's Counterclaims, and the same are therefore denied.

113. MDVP denies each and every allegation set forth in Paragraph 113 of Defendant's Counterclaims.

114. MDVP admits and avers that it was advised to avoid the aerator based on information provided in the design documents, and that all parties knew that MDVP would be operating equipment that could potentially damage the aerator equipment if the information provided to MDVP was not accurate. MDVP denies each and every remaining allegation set forth in Paragraph 114 of Defendant's Counterclaims.

115. MDVP denies each and every allegation set forth in Paragraph 115 of Defendant's Counterclaims.

116. MDVP avers that the damages described in the Counterclaims are a direct and proximate result of inaccurate information provided to MDVP, and that MDVP could not reasonably have foreseen that the aerator would be located at a different elevation. MDVP further avers that Pride Manor's alleged damages are economic losses and states that they are the result of Defendants' own failures to properly communicate the location of the aerator, and to mitigate their damages. MDVP denies each and every remaining allegation set forth in Paragraph 116 of Defendant's Counterclaims.

**DEMAND FOR RELIEF**

MDVP denies each and every request for relief set forth within the Wherefore clause of the Demand for Relief of Defendant's Counterclaims.

A. MDVP denies each and every allegation set forth in Paragraph A of Defendant's Wherefore clause.

B. MDVP denies each and every allegation set forth in Paragraph B of Defendant's Wherefore clause.

C. MDVP denies each and every allegation set forth in Paragraph C of Defendant's Wherefore clause.

D. MDVP denies each and every allegation set forth in Paragraph D of Defendant's Wherefore clause.

E. MDVP denies each and every allegation set forth in Paragraph E of Defendant's Wherefore clause.

**AFFIRMATIVE DEFENSES**

1. The Counterclaims fail to state a claim upon which relief may be granted.

2.      Defendants have failed to act in good faith at all times relevant hereto and, therefore, MDVP asserts the defense of lack of good faith and fair dealing.

3.      Defendants were the first to breach the terms of the Contract, and the Counterclaims must be dismissed as a matter of fact and law.

4.      MDVP relied on the plans and specifications provided, and thus the Counterclaims are barred under the *Spearin* Doctrine.

5.      MDVP asserts the defenses of setoff and recoupment.

6.      The damages about which Pride Manor (or Sall) complains and alleges were caused in whole or in part by an unforeseen condition, which serves to reduce, diminish, or bar the Counterclaims.

7.      In the event Pride Manor (or Sall) sustained any damages as a result of MDVP, which MDVP denies, those damages were caused in whole or in part by the acts, omissions, or fault of individuals, tangible things, or entities, or an intervening cause, over which MDVP had no responsibility or control. Accordingly, the Counterclaims are barred or should be reduced or diminished based on comparative fault.

8.      To the extent that the Court finds, or MDVP determines, that a valid and binding contract exists between MDVP and Pride Manor but Pride Manor denies that Sall acted as an authorized agent of Pride Manor at all times relevant hereto, MDVP hereby reserves the right to amend its pleadings under F.R.C.P. 15(a), as justice will so require.

9.      To the extent that the Court finds, or MDVP determines, that a valid and binding contract exists between MDVP and Sall, and not between MDVP and Pride Manor, MDVP hereby reserves the right to amend its pleadings under F.R.C.P. 15(a), as justice will so require.

10. The claims between the parties are limited by the express terms and conditions of MDVP's Contract.

WHEREFORE, having answered and defended against the Counterclaims, Mobile Dredging & Video Pipe, Inc., prays that the Court deny and dismiss the Counterclaims, and enter judgment in favor of Mobile Dredging & Video Pipe, Inc., including pre-judgment interest, post-judgment interest, costs of this action, and any further and additional relief that the Court deems just and proper.

Respectfully submitted,

**MAZZOLA LINDSTROM LLP**

Jean-Claude Mazzola
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
646-250-6666
jeanclaude@mazzolalindstrom.com

**BAKER STERCHI COWDEN & RICE, L.L.C.**

*/s/ Heather F. Shore pro hac vice*
Heather F. Shore, Esq., KS #22316
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
(816) 471-2121 Phone
(816) 472-0288 Fax
Heather.shore@bakersterchi.com

*Attorneys for Plaintiff Mobile Dredging & Video Pipe, Inc.*